## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **LAL BHATIA,** Petitioner | **CIVIL ACTION NO. 1:16-CV-1125-P** |
| **VERSUS** | **CHIEF JUDGE DRELL** |
| **WARDEN, ET AL.,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

## <u>MEMORANDUM ORDER</u>

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Lal Bhatia (A#075012956). Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("DHS/ICE").  He is being detained at the LaSalle Detention Center in Jena, Louisiana. Petitioner challenges his detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

Petitioner is a native and citizen of India. He was admitted to the United States at Honolulu, Hawaii on August 31, 1992. (Case No. 16-cv-576, Doc. 4, p. 67). Petitioner's status was adjusted to that of lawful permanent resident on July 23, 1998. (Case No. 16-cv-576, Doc. 4, p. 67).

On September 7, 2011, Petitioner entered a guilty plea to one count of wire fraud and one count of money laundering in the United States District Court for the Northern District of California. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602).  He was sentenced to a 63-month term of imprisonment and ordered to pay restitution in the amount of $1,987,250.00. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602). At the time of sentencing, Petitioner was serving a 48-month sentence imposed in another criminal action in the Northern District of California following a conviction on charges of mail fraud and money laundering. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 679).

DHS determined that Petitioner was subject to deportation pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act based on Petitioner's criminal convictions. (Case No. 16-cv-576, Doc. 4, p. 67). After serving his criminal sentences, Petitioner was released from the Bureau of Prisons to DHS/ICE custody on April 1, 2016. (Doc. 4, p. 39).

Petitioner made a request for a change in his custody status to the Immigration Court in Oakdale, Louisiana. (Case No. 16-cv-576, Doc. 4, p. 77). On April 20, 2016, the Immigration Judge denied Petitioner's request because Petitioner is subject to mandatory detention. (Case No. 16-cv-576, Doc. 4, p. 77). On May 4, 2016, Petitioner appealed the decision to the Board of Immigration Appeals ("BIA").

According to Petitioner's exhibits, on June 9, 2016, the immigration judge found Petitioner removable as charged, and determined that Petitioner was eligible to apply for a cancellation of removal due to hardship. (Doc. 1, p. 18).

On July 6, 2016, Petitioner filed a motion for subsequent bond redetermination in the immigration court, on the grounds that the judge who ordered removal found that Petitioner was eligible to apply for cancellation. (Doc. 1, p. 18). The immigration judge found that "an alien's ability to apply for relief from removal and/or likelihood of success on such application has no bearing on whether he or she is subject to mandatory detention. Rather, immigration courts are required to hold an alien under mandatory detention upon a finding that he or she committed certain, statutorily defined offenses." (Doc. 1, pp. 18-19). Petitioner's motion for subsequent bond redetermination was denied. (Doc. 1, p. 19).

## Law and Analysis

The petition (Doc. 1) and motion for injunction (Doc. 2) reference 8 U.S.C. § 1226 and Demore v. Kim, 538 U.S. 510, 531 (2003), which apply to pre-removal order detention. Petitioner's exhibits suggest that he has recently been ordered removed.

Once an order of removal has been issued, the Attorney General has 90 days to remove the alien. 8 U.S.C. § 1231. The removal period generally begins on the date the order of removal became administratively final. Id. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. Id. at 688-98. The Court noted that the statute does not permit indefinite detention, and the "reasonably necessary" detention period should generally be limited to six months after the removal order becomes final. Id. at 697-702.

IT IS ORDERED that, within thirty (30) days of the date of this Order, Petitioner shall supplement his petition with a copy of any order of removal that has been issued in his immigration case. Petitioner should also provide a copy of any documents or rulings related to the June 9, 2016, immigration proceeding referenced in the exhibit to his § 2241 petition. If an order of removal has been issued, Petitioner should state whether he appealed to the Board of Immigration Appeals ("BIA"). Petitioner should also provide a copy of any ruling from the BIA.

**Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 12th day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4