a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAL BHATIA,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1125;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, ET AL.,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMEMNDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Lal Bhatia (A#075012956) ("Bhatia"). Bhatia is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("DHS/ICE"). Bhatia is being detained at the LaSalle Detention Center in Jena, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Bhatia is a native and citizen of India. He was admitted to the United States at Honolulu, Hawaii on August 31, 1992. (Case No. 16-cv-576, Doc. 4, p. 67). Bhatia's status was adjusted to that of lawful permanent resident on July 23, 1998. (Case No. 16-cv-576, Doc. 4, p. 67).

Bhatia entered a guilty plea to one count of wire fraud and one count of money laundering in the United States District Court for the Northern District of California.

(Case No. 4:05-cr-00334, N.D. Cal., Doc. 602). Bhatia was sentenced to a 63-month term of imprisonment and ordered to pay restitution in the amount of $1,987,250.00. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602). At the time of sentencing, Bhatia was serving a 48-month sentence imposed in another criminal action in the Northern District of California following a conviction of mail fraud and money laundering. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 679).

DHS determined that Bhatia was subject to deportation pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act based on Bhatia's criminal convictions. (Case No. 16-cv-576, Doc. 4, p. 67). On April 1, 2016, after serving his criminal sentences, Bhatia was released from the Bureau of Prisons to DHS/ICE custody. (Doc. 4, p. 39).

Bhatia requested a change in custody status. (Case No. 16-cv-576, Doc. 4, p. 77). The Immigration Judge denied Bhatia's request because Bhatia is subject to mandatory detention. (Case No. 16-cv-576, Doc. 4, p. 77). Bhatia appealed the decision to the Board of Immigration Appeals ("BIA").

Bhatia filed a motion for subsequent bond redetermination in the immigration court, on the grounds that an immigration judge found that Bhatia was eligible to apply for cancellation of removal due to hardship. (Doc. 1, p. 18). Bhatia's motion for subsequent bond redetermination was denied, noting that "an alien's ability to apply for relief from removal and/or likelihood of success on such application has no bearing on whether he or she is subject to mandatory detention. Rather, immigration courts

2

are required to hold an alien under mandatory detention upon a finding that he or she committed certain, statutorily defined offenses." (Doc. 1, pp. 18-19).

Bhatia filed an application for cancellation of removal due to hardship, which was denied on October 13, 2016. (Doc. 7, p. 1; Doc. 8, p. 3).

## II. Law and Analysis

Bhatia challenges his detention on the basis of 8 U.S.C. § 1226 and Demore v. Kim, 538 U.S. 510 (2003). First, Bhatia claims that he is not "deportable" under § 1226(c) because there is a strong likelihood of his success in obtaining a cancellation of removal. (Doc. 1, p. 11). Therefore, Bhatia claims his mandatory detention is not authorized by § 1226(c). Bhatia provides no authority for his assertion that a strong likelihood of success on an application for cancellation of removal causes an otherwise deportable criminal alien to no longer qualify as "deportable" under § 1226(c). Even if this argument had legal authority, Bhatia's claim would fail as his application for cancellation of removal has now been denied. (Doc. 8, p. 3). Thus, Bhatia's assertion that there is a strong likelihood of success on his application for cancellation is unsupported.

Next, Bhatia claims that his mandatory detention under § 1226 has surpassed the brief period of time contemplated in Demore. In Demore, the petitioner argued that Section 1226(c) results in prolonged detention. The Supreme Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for the removal hearing in large numbers, may require that persons such as respondent be detained for the brief

3

period necessary for their removal proceedings." Demore, 538 U.S. at 513. The Court explained that detention is permissible because it "necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings." Id. at 527-28. Thus, the Court upheld the constitutionality of mandatory detention under § 1226(c).

As Bhatia points out, the Supreme Court also stated: "In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." See Demore, 538 U.S. at 530. Bhatia contends that his detention is unlawful because it has exceeded five months. However, the Supreme Court did not impose any presumptive time limit in Demore. In fact, the Supreme Court approved the continued detention of Kim even though he had been detained in excess of six months, which was "longer than average." See id. at 530.

Bhatia has not been languishing in custody. His removal proceedings are ongoing. Bhatia has been afforded a bond hearing, and he has received consideration of a motion for bond redetermination, an application for waiver under § 212, and a motion for adjustment of status. Bhatia currently has various appeals pending with the BIA. (Doc. 1, pp. 17-19, Doc. 8, p. 3).

Next, Bhatia alleges that his detention is unconstitutional because the immigration judge refused to "review the undisputed fabricated and false evidence" that led to Bhatia's conviction. This Court does not have jurisdiction to review Bhatia's order of removal and the evidence upon which the immigration judge relied.

4

See 8 U.S.C. § 1252. Jurisdiction over such a claim lies with the Fifth Circuit Court of Appeal. See id.

Bhatia claims that his detention is unlawful because he has not had a probable cause determination. However, Bhatia is not entitled to a probable cause hearing. His detention is mandatory under § 1226(c). See Demore, 538 U.S. at 531 (mandatory detention of criminal aliens during removal proceedings under § 1226(c) is constitutionally valid even where there has been no individualized finding that the alien is unlikely to appear for his deportation hearing).

Finally, Bhatia claims that his detention violates the Eighth Amendment's bail clause because "[n]o purpose is served by Petitioner's detention as he poses neither a danger nor a flight risk." (Doc. 1, p. 14). To the extent that Bhatia seeks review of the denial of bail, this Court lacks jurisdiction over the claim. Section 1226(e) provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

To the extent that Bhatia challenges the constitutionality of § 1226(c), his claim fails. Bhatia has not provided any authority for his argument that 1226(c) violates the Eighth Amendment. Moreover, as discussed above, the Supreme Court has upheld the constitutionality of mandatory detention under § 1226(c). Thus, Bhatia's claim is foreclosed by Demore.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that § 2241 petition be DENIED and DISMISSED. To the extent that Bhatia seeks review of his removal order or the denial of bail, his claim should be dismissed for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge