UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAL BHATIA,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1125;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, ET AL.,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is a motion for preliminary injunction (Doc. 2) filed by pro se Petitioner Lal Bhatia (A#075012956) ("Bhatia"). Bhatia is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("DHS/ICE"). Bhatia is being detained at the LaSalle Detention Center in Jena, Louisiana. It has been recommended that Bhatia's § 2241 petition (Doc. 1) be denied and dismissed. (Doc. 9).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Bhatia is a native and citizen of India. Bhatia was convicted of wire fraud and money laundering in the United States District Court for the Northern District of California. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602).  Bhatia was sentenced to a 63-month term of imprisonment and ordered to pay restitution in the amount of $1,987,250.00. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602).

DHS determined that Bhatia was subject to deportation pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act based on his criminal convictions. (Case No. 16-cv-576, Doc. 4, p. 67). On April 1, 2016, Bhatia was released from the Bureau of Prisons to DHS/ICE custody. (Doc. 4, p. 39).

Bhatia requested a change in custody status. (Case No. 16-cv-576, Doc. 4, p. 77). The Immigration Judge denied Bhatia's request because Bhatia is subject to mandatory detention. (Case No. 16-cv-576, Doc. 4, p. 77). Bhatia appealed the decision to the Board of Immigration Appeals ("BIA").

Bhatia filed a motion for subsequent bond redetermination in the immigration court.  Bhatia argued an immigration judge found that Bhatia was eligible to apply for cancellation of removal due to hardship. (Doc. 1, p. 18). Bhatia's motion for subsequent bond redetermination was denied, noting that "an alien's ability to apply for relief from removal and/or likelihood of success on such application has no bearing on whether he or she is subject to mandatory detention. Rather, immigration courts are required to hold an alien under mandatory detention upon a finding that he or she committed certain, statutorily defined offenses." (Doc. 1, pp. 18-19).

Bhatia filed an application for cancellation of removal due to hardship, which was denied on October 13, 2016. (Doc. 7, p. 1; Doc. 8, p. 3).

## II.   Law and Analysis

In addition to his § 2241 petition, Bhatia filed a motion for preliminary injunction ordering "the government to provide him with an individualized bond hearing" with an immigration judge. (Doc. 2, p. 34).

For a preliminary injunction to be issued, a Petitioner must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.  See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).

Bhatia cannot meet the first requirement for a preliminary injunction. Bhatia's habeas petition has been screened, and it has been recommended that the petition be dismissed with prejudice. (Doc. 9). Bhatia has been afforded a bond hearing, and he has received consideration of a motion for bond redetermination, an application for waiver under § 212, and a motion for adjustment of status. Bhatia currently has various appeals pending with the BIA. (Doc. 1, pp. 17-19, Doc. 8, p. 3).

To the extent that Bhatia challenges the outcome of his bond hearing, this Court lacks jurisdiction over his claim.  Section 1226(e) provides:

(e) Judicial review

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.
8 U.S.C. § 1226(e).

In Kambo v. Poppell, 2007 WL 3051601 (W.D. Tex.), the court found that under §§ 1226(e), 1252(a)(2)(B)(ii), and the Fifth Circuit's decision in Loa–Herrera v. Trominski, 231 F.3d 984 (5th Cir. 2002), it lacked jurisdiction to review the decision

to deny release on bond and the Attorney General's discretionary judgment regarding the application of § 1226(a), "'including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints.'" Kambo, 2007 WL 3051601 at *10 (quoting Loa–Herrera, 231 F.3d at 991).

Likewise, this Court has no jurisdiction to review the Attorney General's discretionary judgment regarding the application of the release and bond provisions of § 1226(a). "Federal courts are courts of limited jurisdiction, and Congress could not have been more clear in its 2005 legislation expressly denying jurisdiction to this Court to review under habeas or otherwise the Attorney General's discretionary authority to deny bond in a case such as this." Malm v. Holder, No. 11-cv-2969, 2012 WL 2568172, at *4 (S.D. Tex. June 29, 2012).  Therefore, to the extent that Bhatia seeks injunctive relief regarding the immigration judge's denial of bond, his claim should be dismissed for lack of jurisdiction.

III.   <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Bhatia's motion for preliminary injunction (Doc. 2) be DENIED. To the extent that Bhatia's motion seeks review of the outcome of his bond hearing, his request should be dismissed for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _24th_ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge